**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6898**

BOBBY RAY GRADY,

                    Plaintiff – Appellant,

          v.

FANE GREENFIELD; OFFICER MARTINEZ; OFFICER WALLS; OFFICER
BEAMON; OFFICER PATTERSON,

                    Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
Chief District Judge.  (5:14-ct-03005-D)

Submitted:  November 14, 2016        Decided:  November 22, 2016

Before GREGORY, Chief Judge, and DUNCAN and WYNN, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Bobby Ray Grady, Appellant Pro Se.  Camilla Frances DeBoard,
Kenneth Bruce Rotenstreich, TEAGUE, ROTENSTREICH, STANALAND, FOX
& HOLT, P.L.L.C., Greensboro, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Ray Grady appeals from the district court's order granting summary judgment to Defendants in Grady's 42 U.S.C. § 1983 (2012) action. In the only issue raised on appeal, Grady asserts that the district court overlooked one of his claims. While we agree that the district court did not address this claim, Grady has presented no material issue of disputed fact preventing summary judgment on this claim. Accordingly, we affirm.

Specifically, Grady asserts that Defendant Greenfield was deliberately indifferent to his serious mental illness and that Greenfield violated state law in his treatment of Grady and placed Grady in isolation with conditions of confinement that exacerbated his condition. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To establish a claim of deliberate indifference to a medical need, Grady must show that the need is both apparent and serious. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Grady must then demonstrate deliberate indifference on the part of the defendants. Deliberate indifference is a very high standard. Id. at 695-96. Moreover, "an inadvertent failure to provide adequate medical care" does not satisfy the standard,

2

and thus mere negligence in diagnosing or treating a medical condition is insufficient. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976). Likewise, disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim for deliberate indifference absent exceptional circumstances. <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985). Instead, officials must evince a wholly inappropriate response to a "serious" medical condition or act intentionally to delay or deny the prisoner access to adequate medical care. <u>Gamble</u>, 429 U.S. at 104-05.

Here, it is clear that Grady has failed to show that Greenfield was deliberately indifferent to his medical needs. Greenfield was a supervisory official and not medical personnel. Moreover, a violation of state law does not satisfy the requirements for stating a § 1983 claim. <u>See</u> <u>Davis v. Scherer</u>, 468 U.S. 183, 194 (1984). Further, prison officials are entitled to rely on medical opinions. <u>See</u> <u>Hamby v. Hammond</u>, 821 F.3d 1085, 1095 (9th Cir. 2016).

Grady does not allege that Greenfield ignored the opinions of the medical staff, and viewed in the light most favorable to Grady, the record does not otherwise support the conclusion that Greenfield was deliberately indifferent to Grady's medical needs. Grady was treated at the Detention Center, and his disagreement with his medical care is insufficient to state a

3

claim against medical staff, must less against Greenfield. Finally, Grady cannot show that he brought his concerns to Greenfield's attention, and none of the grievances in the record cover this claim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4